156 So. 585

## WOODS v. STATE.

### 6 Div. 667.

Court of Appeals of Alabama.
Sept. 4, 1934.

J. T. Johnson, of Oneonta, for appellant.

Thos. E. Knight, Jr., Atty. Gen!, for the State.

BRICKEN, Presiding Judge.

This appeal is from an order of the circuit judge wherein appellant (petitioner) was denied bail under his petition for writ of habeas corpus. The petitioner was indicted for murder in the first degree.

The fundamental law (Const. 1901, § 16) is: "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great."

It has been many times held, by the appellate courts of this state, that proof is not evident and the presumption is not great where from the evidence adduced a well-founded doubt exists that the accused is guilty as to murder in the first degree; and the rule is, where upon such evidence, the court would not sustain a verdict wherein the death pen-

alty was inflicted, the accused should be allowed bail.

■ We have carefully read, and given attentive consideration to, all the evidence adduced upon the hearing of this case in the court below. We refrain, for obvious reasons, to discuss in detail the facts as shown by this record. It does appear, however, that this appellant, petitioner below, is just a lad only a few days past 16 years of age. That the deceased was between 21 and 22 years of age. That the difficulty occurred in the road a short distance from a neighbor's house where a dance had been in progress for some hours. There is no denial that the deceased came to his death as a result of knife wounds inflicted upon him by petitioner. It is also without dispute that the deceased was armed with a loaded pistol at the time of the fatal difficulty and there is some evidence that the accused acted in self-defense.

We readily accord, as the law requires, the presumption due to the finding of the primary tribunal; but after so doing we are of the opinion that on the evidence before us the order made and entered is erroneous and that the appellant is entitled to bail. The order and judgment from which this appeal is taken is therefore reversed and the cause remanded, to the end that the lower court may admit the petitioner to bail in such reasonable sum as will be likely to secure his appearance at the trial.

Reversed and remanded.